```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


ELAINE MAHAN                      )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )    CIVIL ACTION 09-00535-KD-B
                                  )
MOBILE HOUSING BOARD,             )
                                  )
     Defendant.                   )
```

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Mobile Housing Board's Motion to Dismiss and Supporting Memorandum. (Doc. 7). Defendant's Motion and Supporting Memorandum have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Based upon a careful review of Defendant's Motion and Memorandum, and the pleadings on file, the undersigned RECOMMENDS that Defendant's Motion be GRANTED, that Plaintiff's claims be dismissed without prejudice, and that Plaintiff be granted leave to amend her Complaint.

**I.   Background**

Plaintiff Elaine Mahan, proceeding *pro se*, filed the instant action on August 19, 2009 against the Mobile Housing Board. (Doc. 1)  Along with her Complaint, Plaintiff submitted various documents which reflect communications between Plaintiff and officials with the Mobile Housing Board, and documents which reflect state court litigation between Plaintiff and Douglas Patrick, her former

landlord[1].  As best the Court can discern, Plaintiff at one time participated in the Section 8 Housing Rental Assistance Program administered by the Mobile Housing Board (hereinafter "MHB").  It appears that through the program, the MHB provided Plaintiff with rental assistance so that MHB was responsible for a portion of Plaintiff's rent, and Plaintiff was responsible for the remaining portion.  Plaintiff was terminated from the program effective August 31, 2008.

Plaintiff contends that she was tricked into dropping her "HUD" complaint against the MHB.  She also alleges that the MHB improperly calculated her rent, took her rent voucher without notice and refused to pay its portion of her rent. Plaintiff further alleges that the MHB refused her request for a hearing. According to Plaintiff, the MHB's actions caused her landlord to evict her and resulted in her and her family being homeless.  Plaintiff asserts that she was subjected to housing discrimination and that her civil rights were violated.  She requests the return of her rent voucher and money for pain and suffering. (Doc. 1).

Plaintiff filed an Amended Complaint on September 1, 2009. (Doc. 4).  In her Amended Complaint, Plaintiff asserts as follows: "I was kept from obtaining Government Housing Discrimination Housing Board retaliated against me when I filed a Complaint with Fair

---

[1] If a motion is brought under Rule 12(b)(1), the Court must determine if it possesses subject matter jurisdiction and may look beyond the pleadings to make this determination.  Under Rule 12(b)(6) however, the Court must determine if the complaint states a claim upon which relief may be granted and is limited to the pleadings and exhibits attached thereto.  <u>Grossman v. Nations Bank, N.S.</u>, 225 F.3d 1228, 1231 (11th Cir. 2001).

2

Housing.  And I asked for a hearing and the Housing Board refused to grant me a hearing." (Doc. 4).

As noted supra, Defendant seeks the dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  According to Defendant, this Court lacks subject matter jurisdiction and Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendant argues that Plaintiff's allegations are vague and conclusory, and are not sufficient to state a claim. (Doc. 7).  Although Plaintiff was afforded an opportunity to file a response to Defendant's Motion, to date, no response has been filed.

## II.   Discussion

### A. Legal Standard

Subject-matter jurisdiction in federal court can be based upon either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  "Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." Wyke v. Polk County Sch. Bd., 129 F.3d 560, 566 (11th Cir. 1997)  Under Fed.R.Civ.P. 12(b)(1), dismissal is appropriate if the court does not have subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  The party invoking federal jurisdiction bears the burden of proof. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (llth Cir. 2005).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. --,129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully  is insufficient to

survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court recognizes Plaintiff's *pro se* status and the fact that the allegations of a *pro se* complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers..." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972). However, Plaintiff's *pro se* status does not excuse her from compliance with applicable procedural rules, including the Rule 8 pleading requirement. See Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F. 2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Additionally, the leniency afforded *pro se* litigants does not give the courts a license to serve as de facto counsel for such litigants. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

**B. Analysis**

As a preliminary matter, the undersigned observes that Plaintiff has failed to adequately demonstrate subject matter

jurisdiction.  While Plaintiff has asserted a number of conclusory allegations, she has not identified any federal statute upon which she relies.  Moreover, while the Fair Housing Act (hereinafter "FHA") prohibits discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of race, color, religion, sex, familial status, or national origin, 42 U.S.C. §3604(a)-(b), (f), Plaintiff has not proffered any facts which suggest that this statute is applicable.  Because Plaintiff has failed to demonstrate any basis for subject matter jurisdiction under the Constitution or any federal statute, Defendant's Motion to Dismiss based on lack of subject matter jurisdiction is due to be granted.

Additionally, a careful review of Plaintiff's Complaint and Amended Complaint fails to reveal allegations necessary to establish a civil cause of action.  In other words, construing Plaintiff's factual allegations in the light most favorably to her, the undersigned simply fails to find facts sufficient to establish a plausible cause of action.  As noted by the Court in Iqbal,  the mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Plaintiff must instead establish a plausible cause of action. The vague and conclusory allegations contained in her pleadings fall way short of stating a plausible claim.  Accordingly, Defendant's Motion to Dismiss for failure to

state a claim is due to be granted.

### C. Opportunity to Cure.

Having determined that Defendant's Motion to Dismiss Plaintiff's Complaint is due to be granted, the question becomes whether the dismissal should take effect at this time or whether Plaintiff should be given an opportunity to replead her claims. The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). Plaintiff has not requested such an opportunity here. That omission would be fatal if Plaintiff were represented by counsel. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced whether the Wagner rule applies to claims brought by a *pro se* plaintiff, and the Court will assume for purposes of this Order that it does not. See Wagner, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se."). Accordingly, the undersigned recommends that Plaintiff, who is proceeding *pro se*, be granted leave to amend her Complaint in an effort to correct the deficiencies noted by the Court.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss be Granted, and that Plaintiff be granted leave to amend her Complaint.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **17th** day of **December, 2009.**

                                                     **/s/SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" ....  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              /S/ SONJA F. BIVINS              
                              **UNITED STATES MAGISTRATE JUDGE**