IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELAINE MAHAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 09-00535-KD-B |
| | ) | |
| MOBILE HOUSING BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Mobile Housing Board's second Motion to Dismiss and Supporting Memorandum. (Doc. 24)[1]. Defendant's Motion and supporting Memorandum have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's Motion and Memorandum, and the pleadings on file, the undersigned RECOMMENDS that Defendant's Motion be **DENIED**.

### I. Background

Plaintiff Elaine Mahan, proceeding *pro se*, filed the instant action on August 19, 2009 against the Mobile Housing Board. (Doc. 1). Along with her original Complaint, Plaintiff has filed two Amended Complaints[2]. (Docs. 4, 22). Currently pending before the

---

[1]Defendant's motion was incorporated into its Answer. (Doc. 23).

[2] In an Order dated February 11, 2010, Plaintiff was granted leave to file an amended complaint so as to state facts in support of her due process claim only. Plaintiff was cautioned that the failure to allege specific facts in support of her due
(Continued)

Court is Defendant's second Motion to Dismiss. (Doc. 24). The gist of Plaintiff's lawsuit is that she was the recipient of a Section 8 housing voucher, through the housing program administered by the Mobile Housing Authority, that her housing voucher was terminated without notice, and that her request for a hearing was denied. (Docs. 1, 4, 22). Defendant argues that this action should be dismissed because Plaintiff was given an opportunity to correct defects in her Complaint; however, her Amended Complaint fails to state a claim upon which relief can be granted and fails to provide Defendant with sufficient notice of her claims against Defendant. Defendant also contends that Plaintiff was provided all of the process to which she was entitled.

II.     **Discussion**

   **A. Legal Standard**

Subject-matter jurisdiction in federal court can be based upon either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. "Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." Wyke v. Polk County Sch. Bd, 129 F.3d 560, 566 (11th Cir. 1997). Under Fed.R.Civ.P. 12(b)(1), dismissal is

---

process claim would result in the dismissal of her Complaint. (Doc. 19).

appropriate if the court does not have subject matter jurisdiction over the matter. The determination of subject matter jurisdiction is a threshold question of law. The party invoking federal jurisdiction bears the burden of proof. Sweet Pea Marine, Ltd v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed

factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court recognizes Plaintiff's *pro se* status and the fact that the allegations of a *pro se* complaint, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers...." Erickson v. Pardus, 551 U.S. 89, 1275 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Notwithstanding, a plaintiff's *pro se* status does not excuse her from compliance with applicable procedural rules, including the Rule 8 pleading requirement. See Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules

of court including the Federal Rules of Civil Procedure"). Additionally, the leniency afforded *pro se* litigants does not give the courts a license to serve as de facto counsel for such litigants. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

**B. Analysis**

The undersigned observes, as a preliminary matter, that Plaintiff's pleadings are not the model of clarity. (Docs. 1, 4, 22). However, when these pleadings are read in conjunction with one another, it is clear that the gist of Plaintiff's claim is that she was the recipient of a Section 8 housing voucher, through the housing program administered by the Mobile Housing Authority, that her housing voucher was terminated without notice, and that her request for a hearing was denied. In Basco v. Machin, 514 F.3d 1177, 1184, fn.7 (11th Cir. 2008), the Eleventh Circuit recognized that the Due Process Clause of the United States Constitution requires that Section 8 participants who rely on subsidies to meet their basic need for housing be afforded an evidentiary hearing with minimum procedural safeguards before their benefits may be terminated. Plaintiff has alleged such reliance and has further alleged that she requested and was denied a hearing before her voucher was terminated. Thus, she has alleged facts sufficient to establish federal question jurisdiction, and to place Defendant on notice of her claims. See Scott v. Jacksonville Transp. Auth., 2009 U.S. Dist. LEXIS 85354

(M.D. Fla. Sept. 2, 2009)(Pro se plaintiff's allegations were sufficient to place defendant on notice of substance of her claim. Moreover, the defendant's affirmative defenses revealed that it was able to discern the substance of the plaintiff's claim).

While Defendant asserts that Plaintiff was provided all of the process to which she was entitled, and has made various other factual allegations and submitted numerous documents in support of this contention, Plaintiff's factual allegations must be accepted as true in resolving the Rule 12(b)(6) motion. Grossman v. Nationsbank, N.S., 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"). Because Defendant's motion was filed as a Rule 12(b)(6) motion rather than a Rule 56 motion, and no discovery has been conducted in this matter, the undersigned has not considered matters outside of the pleadings in considering the motion[3]. Harper v. Lawrence County, 592 F.3d 1227, 1332 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not

---

[3] Pursuant to Fed.R.Civ.P. 12(d), if a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), then the motion to dismiss must be treated as a motion for summary judgment under Fed.R.Civ.P. 56. See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

consider matters outside the pleadings.  According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them -- there is no more formal step required."); <u>Walker v. Sun Trust Bank of Thomasville, Ga</u>, 2010 U.S. App. LEXIS 1074 (11th Cir. 2010)(where court did not consider any matters beyond the pleadings in resolving (12)(b)(6) motion, the court did not err by failing to convert the defendants' motion to dismiss into a motion for summary judgment).

## III. <u>Conclusion</u>

For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

**DONE** this **24**[th] day of **June, 2010.**

<u>      /s/ SONJA F. BIVINS      </u>
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[4] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can

---

[4]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**