IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELAINE MAHAN, | * |
| Plaintiff, | * |
| v. | * Civil Action 09-00535-KD-B |
| MOBILE HOUSING BOARD, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action, which is before the Court on Plaintiff Elaine Mahan's Motion for Leave to Appeal In Forma Pauperis (Doc 54), was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(3). Based upon a careful review of Plaintiff's Motion, and the case file, the undersigned finds that Plaintiff's appeal is not taken in good faith, and therefore recommends that Plaintiff's Motion be denied pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff, proceeding pro se, filed the instant action against the Mobile Housing Board for the alleged termination of her Section 8 housing voucher without notice. Following a bench trial on March 22, 2011, District Judge Kristi Dubose entered an Order finding that Plaintiff produced no evidence that she was terminated from eligibility for Section 8 housing, or that Defendant played any role in the termination of Plaintiff's

1

lease or her eviction. Accordingly, the Court found in favor of Defendant Mobile Housing Authority on all of Plaintiff's claims, and entered judgment in favor of Defendant. (Docs. 48, 49). Subsequent thereto, Plaintiff filed an appeal statement, and a notice of appeal. (Docs. 50, 51). In the appeal statement, Plaintiff claims that she was not given a chance for a jury trial, and that all of her evidence was not submitted for consideration. Her notice of appeal does not contain any statement of the issues to be appealed.

*In Forma Pauperis* proceedings are governed by 28 U.S.C. § 1915. *In Forma Pauperis* status should be granted where the appellant is indigent unless "the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(1), (3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See <u>Coppedge v. United States</u>, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." <u>Ghee v. Retailers Nat'l Bank</u>, 271 Fed. Appx. 858, 860 (11th Cir. 2008)(citing <u>Carrol v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001).

When a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. Ghee, 271 Fed. Appx. at 859 (citing Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991)).

Applying the foregoing standard, the undersigned opines that Plaintiff's appeal is without arguable merit either in law or fact. A review of Plaintiff's Complaint and Amended Complaints (Docs. 1, 4, 22) reflects that they do not contain a request for a jury trial. Moreover, at the pretrial conference, the parties confirmed that no jury trial had been requested. (Doc. 46). Accordingly, Plaintiff's assertion that she was improperly denied a jury trial is without arguable merit either in law or fact. Likewise, there is no basis for Plaintiff's assertion that she was not permitted to submit all of her evidence. The record reflects that at the pretrial conference conducted on January 19, 2011, the parties were directed to submit, by March 14, 2011, a notebook, with an index, listing their witnesses and exhibits. (Doc. 46). Given that Plaintiff was provided nearly two months in which to submit these materials, her assertion that she was not allowed to submit all of her evidence is indisputably meritless. Accordingly, the undersigned recommends that the district court certify that Plaintiff's appeal is not taken in good faith, and deny her Motion for Leave to Appeal In Forma Pauperis.

**DONE** this **14th** day of **April, 2011.**

                                                  /S/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

**1. Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[1] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment

---

[1]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

5

can be appealed.

2. **Opposing party's response to the objection**. Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                    ____/s/ SONJA F. BIVINS____
                                                    **UNITED STATES MAGISTRATE JUDGE**